IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHAVAZ KNOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-00657-W-DGK |
| | ) | |
| COHEN, MCNEILE & PAPPAS P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO TRANSFER VENUE

This case arises from allegations that a law firm, Defendant Cohen, McNeile & Pappas P.C.'s ("CMP"), engaged in racial discrimination and retaliation of a now-former employee, Plaintiff Chavaz Knowles. Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et. seq*. Pending before the Court is CMP's "Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer" (Doc. 4). Defendants argue that the Court should dismiss Plaintiff's Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, transfer venue to the United States District, District of Kansas pursuant to 42 U.S.C. § 2000e *et. seq*.

The Court has carefully read Defendant's Memorandum in Support (Doc. 5), Plaintiff's Response in Opposition (Doc. 7), and Defendant's Reply (Doc. 9). For the following reasons, Defendant's motion is GRANTED.

**Standard**

Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et. seq*. Claims arising under Title VII are strictly governed by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3), rather than the general federal venue statute. *Brigdon v.*

*Slater*, 100 F. Supp. 2d 1162, 1163 (W.D. Mo. 2000).  Section 2000e-5(f)(3) provides in relevant part that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed;" (2) "the employment records relevant to such practice are maintained and administered;" or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice."  42. U.S.C. § 2000e-5(f)(3).  If the employer is not found within any of these districts, the action "may be brought within the judicial district in which the respondent has his principal office."  *Id.*

## Discussion

Under a basic reading of the requirements of 42 U.S.C. § 2000e-5(f)(3), venue is proper in the District of Kansas.  Plaintiff concedes that at all times relevant to the pleadings, he worked for CMP in its Leawood, Kansas office, and Defendant's unlawful employment practice is alleged to have been committed there (Doc. 5, Exhibit A).  Furthermore, Plaintiff's personnel files and other employment-related documents are maintained and administered at the Leawood, Kansas office.  *Id.*

Plaintiff argues, nonetheless, that venue is proper in this district because Defendant has its principal place of business in Missouri (Doc. 7).  Plaintiff's argument, however, is misplaced.  Title VII's venue statute looks only to a business's principal office if Defendant is not "found" within any of the districts where the alleged activity occurred, where the employment records are kept, or where the aggrieved person would have worked but for the unlawful employment practice.   Because Plaintiff worked in Kansas when the alleged unlawful activity occurred, Plaintiff's employment records are maintained and administered in Kansas, and Plaintiff would have continued working in Kansas had the alleged unlawful activity not occurred, the Court finds venue is proper in the United States District Court for the District of Kansas.

2

For the reasons stated herein, considering the requirements of 42 U.S.C. § 2000e-5(f)(3), the Court transfers venue to the United States District Court, District of Kansas. Defendant's motion to transfer venue (Doc. 7) is GRANTED.

**IT IS SO ORDERED.**

Date:  November 16, 2011                         /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT